UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,       Case # 20-CR-6099-FPG
     Case # 18-CR-6010-FPG
v.      DECISION AND ORDER

DACIANN BROWN,

         Defendant.

---

## INTRODUCTION

On May 23, 2022, Defendant Daciann Brown filed a motion for compassionate release and requested "immediate release" pursuant to 18 U.S.C. §§ 3553(a), 3582(c)(1)(A). ECF No. 81 (Dkt. No. 18-CR-6010); ECF No. 30 (Dkt. No. 20-CR-6099).[1] Defendant requests "that the remainder of her sentence be converted to time served, or an alternative of 12 months home confinement." ECF No. 81 at 2. The Government opposes the motion. ECF No. 85 (Dkt. No. 18-CR-6010). The Court also received a memorandum from Probation regarding this matter. ECF No. 84 (Dkt. No. 18-CR-6010). For the reasons that follow, Defendant's motion for compassionate release is DENIED.[2]

## BACKGROUND

On May 9, 2018, Defendant waived indictment and pled guilty to a three-count information that charged her with (1) wire fraud in violation of 18 U.S.C. § 1343; (2) false claims in violation of 18 U.S.C. § 287; and (3) fraud related to identification documents in violation of 18 U.S.C. §§

---

[1] Defendant filed identical motions in cases 20-CR-6099 and 18-CR-6010 and the parties' briefing was docketed in both cases as well.

[2] Defendant also filed a motion for "miscellaneous relief," ECF No. 39 (Dkt. No. 20-CR-6099), requesting that this Court rule on her compassionate release motion. That motion is GRANTED, insofar as the Court has issued the instant Decision and Order.

1

1028(a)(7) and 1028(b)(2)(B). ECF No. 37 (Dkt. No. 18-CR-6010). At the plea proceeding, Defendant's sentencing was scheduled for August 28, 2018, and she remained released pending sentencing. ECF No. 39 (Dkt. No. 18-CR-6010).

On August 28, 2018, the Court called the case for sentencing and Defendant did not appear. ECF No. 40 (Dkt. No. 18-CR-6010). Defendant "absconded and remained at large for almost two years, until she was arrested at a casino on June 3, 2020." ECF No. 85 at 2 (Dkt. No. 18-CR-6010).

On July 17, 2020, Defendant pled guilty to a one-count indictment that charged her with failure to appear before a court in violation of 18 U.S.C. §§ 3146(a)(1) and 3146(b)(1)(A)(i). ECF No. 5 (Dkt. No. 20-CR-6099). Defendant was sentenced on all charges on December 3, 2020 to 46 months in the Federal Bureau of Prisons ("BOP") and three years' supervised release. ECF No. 69 (Dkt. No. 18-CR-6010); ECF No. 20 (Dkt. No. 20-CR-6099). Defendant has served approximately 29 months of her 46-month sentence. *See* ECF No. 84 at 1 (Dkt. No. 18-CR-6010) (asserting that, as of June 13, 2022, Defendant had served approximately 24 months of her 46-month sentence).

## LEGAL STANDARD

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). Courts may reduce previously imposed terms of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A), often referred to as compassionate release. Defendants may bring motions under Section 3582(c)(1)(A) if they have satisfied a statutory exhaustion requirement.[3] *Id.* If a defendant brings such a motion, the Court may grant relief if, after considering the applicable sentencing factors set forth in 18 U.S.C.

---

[3] The Government does not dispute that Defendant has satisfied the statutory exhaustion requirement. *See generally* ECF No. 85 (Dkt. No. 18-CR-6010).

§ 3553(a), it finds that "extraordinary and compelling reasons warrant [the] reduction." *Id.* §§ 3553(a), 3582(c)(1)(A); *United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) (holding that, where a defendant—as opposed to the BOP—brings a motion for compassionate release, Section 3582(c)(1)(A)'s requirement that the reduction be "consistent with applicable policy statements issued by the Sentencing Commission" does not apply because there is no applicable policy statement). In analyzing these elements and factors, "[d]istrict courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *United States v. Tagliaferri*, No. 13-CR-115, 2019 WL 6307494, at *3 (S.D.N.Y. Nov. 25, 2019). If the Court grants such a motion, it may reduce the defendant's term of imprisonment and may correspondingly impose a term of probation or supervised release, with or without conditions, provided that such a term does not exceed the unserved portion of the original term of imprisonment. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

In this case, Defendant argues that compassionate release is warranted because of her health conditions and unique family circumstances. More specifically, with respect to her health, she alleges that she is at particularly high-risk of contracting COVID-19 because she has high blood pressure, obesity (with a 33.4 BMI when the risk threshold is 25), asthma, anxiety, and depression.[4] ECF No. 30 at 11-12 (Dkt. No. 20-CR-6099). Moreover, she asserts that she uses a daily inhaler; that her most recent blood pressure reading was 148/106; that she takes three medications to control her blood pressure but that it still is not under control; that she previously

---

[4] While Defendant frames her argument as her being particularly susceptible to *contracting* COVID-19, the Court infers, in light of Defendant's *pro se* motion, that she is further alleging that she is at an increased risk of severe illness in the event she is infected. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)

struggled with substance abuse for many years; and that when she contracted COVID-19 in December 2021 she was left untreated by the correctional facility. *Id.* at 11-15.

In addition to her medical issues, Defendant urges this Court to grant her compassionate release due to her unique family circumstances. Defendant is the mother of three children and is incarcerated 1,000 miles away from home. ECF No. 30 at 3 (Dkt. No. 20-CR-6099). She asserts that family members who were caring for her children have now suffered their own "debilitating medical problems" and now need care themselves. *Id.* at 14. Thus, there is no one to care for her children. *Id.*

Even assuming that Defendant's health conditions, the presence of COVID-19 in Waseca Federal Correctional Institution ("FCI Waseca"), and Defendant's unique family circumstances amount to "extraordinary and compelling" circumstances, a sentence reduction would not be warranted. Defendant has not presented evidence that causes the Court to reconsider its prior evaluations of the factors set forth in Section 3553(a).

Under § 3553(a), a court must consider the following factors when it imposes a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) [the kinds of sentence and sentencing range provided for in the Sentencing Guidelines]
(5) any pertinent [Sentencing Commission policy statement]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Court weighed these factors when it imposed Defendant's original term of imprisonment on December 9, 2020. ECF No. 22 (Dkt. No. 20-CR-6099). Accordingly, the Court's task here is not to "second guess or to reconsider whether" the current sentence is just, but to assess whether "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, 432 F. Supp. 3d 421, 429-30 (S.D.N.Y. 2020) (internal quotation marks omitted) (discussing legislative history of Section 3582). In other words, the issue is whether the Section 3553(a) factors supporting Defendant's original sentence "outweigh the 'extraordinary and compelling reasons' warranting compassionate release," and, in particular, "whether compassionate release would undermine the goals of the original sentence." *Id.* at 430–31.

Here, Defendant was convicted of violating 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 287 (False Claims); and 18 U.S.C. §§ 1028(a)(7) and 1028(b)(2)(B) (Fraud Related to Identification Documents). ECF No. 32 at 1 (Dkt. No. 20-CR-6099). She was originally set to be sentenced in 2018 but absconded and remained at large for almost two years, until her eventual arrest at a casino in June 2020. ECF No. 33 at 2 (Dkt. No. 20-CR-6099). Based on that conduct, she was also convicted of violating 18 U.S.C. §§ 3146(a)(1) and 3146(b)(1)(A)(i) (Failure to Appear Before a Court). ECF No. 32 at 1 (Dkt. No. 20-CR-6099).

As the Government notes in its response, Defendant's familial hardships and issues with childcare were present at the time of her sentencing and the Court considered them as a part of the § 3553 calculus at that time. *See* ECF No. 33 at 2-3 (Dkt. No. 20-CR-6099). Thus, these considerations give the Court no reason to depart from its original sentence. Moreover, as other courts in this Circuit have acknowledged, while family hardships are an unfortunate collateral consequence of incarceration, they are not an unexpected one.

>Unfortunately, families often suffer due to the criminal conduct and subsequent incarceration of one of their members, and Defendant's family is likely no exception to this harsh reality. But releasing Defendant from custody is not an appropriate remedy, particularly in view of the fact that granting compassionate release would not be consistent with the factors set forth at 18 U.S.C. § 3553(a) and it would seriously undermine the fairness and purpose of the original sentence.

*United States v. Akram*, 568 F. Supp. 3d 295, 298 (W.D.N.Y. 2021).

For all the reasons discussed at sentencing, a 46-month sentence was and remains appropriate. Defendant's release date is projected to be August 5, 2023. ECF No. 38 (Dkt. No. 20-CR-6099). If released now, as requested, Defendant would be released approximately 9 months early on a 46-month sentence. Put simply, that term would not substantially satisfy the purposes of the original sentence, as it would fail to "reflect the seriousness of the offense, []promote respect for the law, [or] provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). While "[a] just punishment should not include an unacceptable risk of exposure to COVID-19 or any potentially lethal disease," *United States v. Vence-Small*, No. 18-CR-31, 2020 WL 2214226, at *4 (D. Conn. May 7, 2020), neither should the uncertainty engendered by the present crisis be allowed to distort or subvert a just punishment. Even in light of her medical conditions and family circumstances, Defendant has not demonstrated that a sentence of time served or home confinement is appropriate.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release, ECF No. 30 (Dkt. No. 6:20-cr-6099), ECF No. 81 (Dkt. No. 18-CR-6010), is DENIED.

IT IS SO ORDERED.

Dated: November 16, 2022
      Rochester, New York

                                          HON. FRANK P. GERACI, JR.
                                          United States District Judge
                                          Western District of New York